UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LONA DEMETRIA CAROLYNN | : | CASE NO.  20-11214-PMB |
| BIBBS-WALKER, | : | |
| | : | |
| DEBTOR. | : | |
| | : | |
| MARY IDA TOWNSON, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| PLAINTIFF. | : | |
| | : | |
| -vs- | : | |
| | : | |
| LONA DEMETRIA CAROLYNN | : | |
| BIBBS-WALKER, | : | ADVERSARY PROCEEDING |
| | : | NO. _____ |
| DEFENDANT. | : | |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

Pursuant to 11 U.S.C. § 727(a), Mary Ida Townson, United States Trustee for

Region 21 (the "United States Trustee"), files this Complaint seeking denial of discharge

to Lona Demetria Carolynn Bibbs-Walker.

**Jurisdiction**

1.

This adversary proceeding arises out of and relates to the chapter 7 case of LONA

DEMETRIA CAROLYNN BIBBS-WALKER ("Defendant" or "Debtor"), case number

20-11214-PMB, filed in the United States Bankruptcy Court, Northern District of Georgia

("Bankruptcy Case").

1

2.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 157(b)(1), 11 U.S.C. § 727 and Federal Rule of Bankruptcy Procedure 4004.

3.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

4.

This Court has jurisdiction over the parties in that Defendant is the debtor in the underlying bankruptcy case pending before this Court (case number 20-11214-PMB) and the Plaintiff is an Executive Branch official who is responsible for "protecting the public interest and ensuring that bankruptcy cases are conducted according to the law." H.R. Rep. Np. 95-595, 95th Cong., 2nd Sess. 109 (1978), reprinted 1978 U.S.C.C.A.N 5963, 6070. See, 28 U.S.C. § 586, 11 U.S.C. § 307.

5.

The Court has jurisdiction over all property of Defendant pursuant to 28 U.S.C. § 1334(d).

6.

Venue is proper in this Court under 28 U.S.C. § 1409(a).

7.

Pursuant to the Court's order entered June 6, 2022, the deadline for the United States Trustee to file a complaint objecting to discharge was extended to August 5, 2022. (Doc. No. 114)

8.

Defendant is subject to the jurisdiction and venue of this Court and may be served

at her petition address, 193 Stanley Road, Fayetteville, Georgia 30214.

## Overview

9.

Lona Demetria Carolynn Bibbs-Walker is a dentist who used various entities to

engage in the practice of pediatric dentistry.

*Dr. Bibbs-Walker's Conduct During the Bankruptcy Cases of My Kidz Dentist, P.C, My*
*Kidz Dentist of Carrollton, LLC and My Kidz Dentist of Fayetteville, LLC*

10.

Dr. Bibbs-Walker was the sole owner of three entities, My Kidz Dentist, PC, My

Kidz Dentist of Carrollton, LLC and My Kidz Dentist of Fayetteville, LLC. On

December 13, 2019, Dr. Bibbs-Walker, as principal, filed voluntary petitions under

chapter 11 of the Bankruptcy Code as to all three entities.

A.      My Kidz Dentist, P.C.- Case No. 19-12506-PMB

11.

My Kidz Dentist, P.C. (hereinafter "MKD") filed a statement of financial affairs

and schedules of assets, debts, income and expenses contemporaneously with its

voluntary petition. (Case No. 19-12506-PMB, Doc. No. 1) Dr. Bibbs-Walker, the sole

owner of MKD, signed these documents under the penalty of perjury.

3

12.

In MKD's statement of financial affairs, question number 30, Dr. Bibbs-Walker disclosed that MKD paid Dr. Bibbs-Walker $81,000.00 in wages in the year prior to the filing of MKD's voluntary petition. (Case No. 19-12506-PMB, Doc. No. 1, Pg. 48) MKD's statement of financial affairs discloses no other transfers to Dr. Bibbs-Walker.

13.

In MKD's Schedule A/B, Dr. Bibbs-Walker disclosed that MKD owned two checking accounts, an account held with Wells Fargo, account number ending xxxx9628, and an account held with SunTrust, account number ending xxxx2296. (Case No. 19-12506-PMB, Doc. No. 1, Pg. 11) In MKD's Schedule A/B, Dr. Bibbs-Walker did not disclose that MKD also owned an account with SunTrust, account number ending xxxx2288.

B.    My Kidz Dentist of Carrollton, LLC- Case No. 19-12507-PMB

14.

My Kidz Dentist of Carrollton, LLC (hereinafter "MKDC") filed a statement of financial affairs and schedules of assets, debts, income and expenses contemporaneously with its voluntary petition. (Case No. 19-12507-PMB, Doc. No. 1) Dr. Bibbs-Walker, the sole owner of MKDC, signed these documents under the penalty of perjury.

15.

In MKDC's statement of financial affairs, question number 30, Dr. Bibbs-Walker indicated that MKDC made no payments, distributions, or withdrawals to Dr. Bibbs-

4

Walker in the year prior to the filing of MKDC's voluntary petition. (Case No. 19-12507-PMB, Doc. No. 1, Pg. 32)

16.

In MKDC's Schedule A/B, Dr. Bibbs-Walker disclosed that MKDC owned one checking account, an account held with SunTrust, account number ending xxxx1500. (Case No. 19-12507-PMB, Doc. No. 1, Pg. 10) In MKDC's Schedule A/B Dr. Bibbs-Walker did not disclose that MKDC also owned an account with SunTrust, account number ending xxxx1492.

C.      My Kidz Dentist of Fayetteville, LLC- Case No. 19-12508-PMB

17.

My Kidz Dentist of Fayetteville, LLC (hereinafter "MKDF") filed a statement of financial affairs and schedules of assets, debts, income and expenses contemporaneously with its voluntary petition. (Case No. 19-12508-PMB, Doc. No. 1) Dr. Bibbs-Walker, the sole owner of MKDF, signed these documents under the penalty of perjury.

18.

In MKDF's statement of financial affairs, question number 30, Dr. Bibbs-Walker indicated that MKDF made no payments, distributions, or withdrawals to Dr. Bibbs-Walker in the year prior to the filing of MKDF's voluntary petition. (Case No. 19-12508-PMB, Doc. No. 1, Pg. 32)

19.

In MKDF's Schedule A/B, Dr. Bibbs-Walker disclosed that MKDF owned one checking account, an account held with SunTrust, account number ending xxxx1526.

(Case No. 19-12508-PMB, Doc. No. 1, Pg. 10) Dr. Bibbs-Walker did not disclose that

MKDF also owned a checking account with SunTrust, account number ending xxxx2551.

20.

After MKD and MKDC filed their voluntary petitions, a representative from the

Office of the United States Trustee contacted counsel for MKD and MKDC and

requested certain documentation and information in conjunction with conducting the

Initial Debtor Interview. (hereinafter the "IDI") The representative from the Office of the

United States Trustee also requested that a representative of MKD and MKDC review the

United States Trustee's Operating Guidelines and Reporting Requirements (hereinafter

the "Guidelines"), and execute certain documents. Among other things, the Guidelines

provided:

> All pre-petition bank accounts controlled by the debtor must be closed
> immediately upon the filing of the petition, and the debtor shall
> immediately open new debtor-in-possession operating, payroll, and tax
> accounts at a United States Trustee authorized depository. In addition,
> individual debtors engaged in business as sole proprietors should open a
> separate debtor-in-possession account for payment of personal living
> expenses. All business revenues must be deposited into the operating
> account, with amounts needed to fund the other accounts being transferred
> to those accounts as necessary.

21.

In connection with the IDI, a representative from the Office of the United States

Trustee requested that MKD and MKDC sign and execute a "Receipt and Certification of

Understanding- United States Trustee Operating Guidelines and Reporting

Requirements". (hereinafter the "Certification") Within the Certification, the signer

certifies that she has read and understands the United States Trustee's Guidelines. The signer further agrees to perform in accordance with the Guidelines.

22.

On December 31, 2019, Dr. Bibbs-Walker signed and executed the Certification on behalf on both MKD and MKDC.

23.

In connection with the IDI, a representative of the Office of the United States Trustee requested that MKD and MKDC complete a "Declaration of Pre-Petition Account Closings and Opening of Debtor in Possession Bank Accounts." (hereinafter the "Declaration") The Declaration, signed under the penalty of perjury, indicates that a debtor's pre-petition bank accounts have been closed, and that the funds within those pre-petition accounts were transferred to debtor-in-possession accounts. The Declaration also requires a debtor to provide particular identifying information regarding the pre-petition and debtor-in-possession accounts.

24.

On December 31, 2019, Dr. Bibbs-Walker signed and executed the Declaration on behalf of both MKD and MKDC under the penalty of perjury, indicating that all bank accounts held or controlled by Dr. Bibbs-Walker on behalf of MKD and MKDC prior to the filing of both entities' voluntary petition had been closed, and that as of December, 2019, all funds within the accounts had been transferred to debtor-in-possession accounts with Wells Fargo Bank.

25.

At the January 14, 2020 Section 341 Meeting of Creditors for MKD, MKDC and

MKDF, Trial Attorney Jonathan S. Adams with the Office of the United States Trustee

placed Dr. Bibbs-Walker under oath, after which she testified under the penalty of

perjury that the information contained in MKD's, MKDC's and MKDF's respective

statements of financial affairs and Schedules A/B were true and correct.

26.

As chapter 11 debtors-in-possession, MKD, MKDC and MKDF were required to

file and prepare periodic reports and summaries of their business and financial affairs

while their cases were pending under chapter 11, including, among other things, a

statement of receipts and disbursements and summaries of bank activity for the accounts

held by the debtor. (each a "Monthly Operating Report")

27.

In MKD's December 2019 Monthly Operating Report, signed and executed by Dr.

Bibbs-Walker under the penalty of perjury and filed on January 21, 2020 (Case No. 19-

12506-PMB, Doc. No. 59), Dr. Bibbs-Walker indicated that the funds held within

MKD's SunTrust account ending xxx2288 had been transferred to MKD's debtor in

possession accounts. (Case No. 19-12506-PMB, Doc. No. 59, Pg. 40) Dr. Bibbs-Walker

indicated that the balance in MKD's SunTrust account ending xxx2296 as of December

31, 2019 was $32.59. (Case No. 19-12506-PMB, Doc. No. 59, Pg. 37).

28.

In accordance with the Declaration signed and executed by Dr. Bibbs-Walker on

behalf of MKD, which indicated MKD's SunTrust accounts ending xxxx2288 and

xxxx2296 were closed in December, 2019, MKD's January 2020 (Case No. 19-12506-

PMB, Doc. No. 103), February 2020 (Case No. 19-12506-PMB, Doc. No. 119), March

2020 (Case No. 19-12506, Doc. No. 133), April 2020 (Case No. 19-12506, Doc. No. 150)

and May 2020 Monthly Operating Reports (Case No. 19-12506, Doc. No. 160), all signed

and executed by Dr. Bibbs-Walker under the penalty of perjury, make no mention or

reference to MKD's SunTrust accounts ending xxxx2288 or xxxx2296.

29.

MKD's SunTrust accounts ending xxx2288 and xxxx2296 were not closed on

December 31, 2019. Upon information and belief, MKD's SunTrust account ending

xxx2288 was open at least until July 31, 2020, and MKD's SunTrust account ending

xxx2296 was open at least until August 31, 2020.

30.

In MKDC's December 2019 Monthly Operating Report, signed and executed by

Dr. Bibbs-Walker under the penalty of perjury and filed on January 21, 2020 (Case No.

19-12507-PMB, Doc. No. 44), Dr. Bibbs-Walker indicated that the funds held within

MKDC's SunTrust account ending xxx1492 had been transferred to MKDC's debtor in

possession accounts. (Case No. 19-12507-PMB, Doc. No. 44, Pg. 30) Dr. Bibbs-Walker

indicated that the balance in MKDC's SunTrust account ending xxx1500 as of December

31, 2019 was $43.37. (Case No. 19-12507-PMB, Doc. No. 44, Pg. 35).

9

31.

In accordance with the Declaration signed and executed by Dr. Bibbs-Walker on

behalf of MKDC, which indicated MKDC's SunTrust accounts ending xxxx1492 and

xxxx1500 were closed on December 31, 2019, MKDC's January 2020 (Case No. 19-

12506-PMB, Doc. No. 104), February 2020 (Case No. 19-12506-PMB, Doc. No. 120),

March 2020 (Case No. 19-12506, Doc. No. 135), April 2020 (Case No. 19-12506, Doc.

No. 152) and May 2020 Monthly Operating Reports (Case No. 19-12506, Doc. No. 161),

all signed and executed by Dr. Bibbs-Walker under the penalty of perjury, make no

mention or reference to MKD's SunTrust accounts ending xxxx1492 or xxxx1500.

32.

MKDC's SunTrust accounts ending xxx1492 and xxxx1500 were not closed on

December 31, 2019. Upon information and belief, MKDC's SunTrust account ending

xxx1492 was open at least until August 31, 2020, and MKDC's SunTrust account ending

xxx1500 was open at least until July 31, 2020.

33.

On June 15, 2020, the Court entered a Consent Order Directing the Appointment

of a Chapter 11 Trustee, directing the United States Trustee to appoint a Chapter 11

Trustee for MKD, MKDC, and MKDF. (Case No. 19-12506-PMB, Doc. No. 157)

34.

On June 16, 2020, the United States Trustee appointed Mr. James G. Baker as

Chapter 11 Trustee for MKD, MKDC, and MKDF. (Case No. 19-12506-PMB, Doc. No.

10

162) The Court approved Mr. Baker's appointment on June 17, 2020. (Case No. 19-12506-PMB, Doc. No. 167)

35.

After his appointment as chapter 11 trustee, Trustee Baker asked Dr. Bibbs-Walker to provide information regarding MKD, MKDC, and MKDF's open bank accounts. Despite these requests, Dr. Bibbs-Walker did not disclose to Trustee Baker that MKD's SunTrust Accounts ending xxx2288 and xxxx2296, MKDC's SunTrust Accounts ending xxxx1492 and xxx1500, or MKDF's SunTrust Account ending xxx2551 were still open.

36.

From July 1, 2020 to July 31, 2020, MKD, without informing Trustee Baker, made deposits of $42,938.29 into its SunTrust account ending xxxx2288.

37.

From July 1, 2020 to July 31, 2020, MKD, without informing Trustee Baker, transferred $42,900.00 from its SunTrust account ending xxxx2288 to a SunTrust account ending xxxx1710, owned by Dr. Bibbs-Walker.

38.

On August 19, 2020, MKD, without informing Trustee Baker, made a deposit of $74,730.52 into its SunTrust account ending xxxx2296.

39.

On August 20, 2020, MKD, without informing Trustee Baker, transferred $74,000.00 from its SunTrust account ending xxxx2296 to a SunTrust account ending xxxx1710, owned by Dr. Bibbs-Walker.

40.

From August 6, 2020 to August 19, 2020, MKDF, without informing Trustee Baker, made deposits of $16,610.16 into its SunTrust account ending xxxx2551.

41.

From August 7, 2020 to August 21, 2020, MKDF, without informing Trustee Baker, transferred $16,700.00 from its SunTrust account ending xxxx2551 to a SunTrust account ending xxxx1710, owned by Dr. Bibbs-Walker.

42.

In total, MKD and MKDF, without informing Trustee Baker, transferred at least $133,600.00 to Dr. Bibbs-Walker between July 1, 2020 and August 21, 2020.

43.

On July 7, 2020, Trustee Baker filed a Motion to Convert MKD, MKDC, and MKDF's cases to Chapter 7. (Case No. 19-12506-PMB, Doc. No. 176) On August 18, 2020, the Court entered an Order converting MKD, MKDC, and MKDF's cases to Chapter 7. (Case No. 19-12506-PMB, Doc. No. 194)

44.

On August 19, 2020, the United States Trustee appointed Mr. Baker as interim chapter 7 trustee in MKD, MKDC, and MKDF's cases.

12

_Dr. Bibbs-Walker's Conduct While Prosecuting Her Personal Bankruptcy Case_

45.

On August 31, 2020, Lona Demetria Carolynn Bibbs-Walker filed an individual

voluntary petition under title 11 of the Bankruptcy Code. (Case No. 20-11214-PMB, Doc.

No. 1)

46.

On September 10, 2020, Dr. Bibbs-Walker filed a Motion to Convert to Chapter 7

(Doc. No. 19), which the Court granted on September 15, 2020 (Doc. No. 23).

47.

On August 31, 2020, Dr. Bibbs-Walker filed a statement of financial affairs and

schedules of her assets, debts, income and expenses. (Doc. No. 1) On September 29,

2020, Dr. Bibbs-Walker filed an amended statement of financial affairs, and amended

schedules of her assets, income and expenses. (Doc. No. 36) Dr. Bibbs-Walker signed her

statement of financial affairs and schedules of assets, debts, income and expenses under

the penalty of perjury.

48.

In her amended statement of financial affairs, Question No. 4, Dr. Bibbs-Walker

stated that she earned $112,000.00 in wages from January 1, 2020 to August 31, 2020

and $81,000.00 in wages from January 1, 2019 to December 31, 2019. (Doc. No. 36, Pg.

37) Dr. Bibbs-Walker's Statement of Financial Affairs discloses no income from any

other source for the period January 1, 2019 through August 31, 2020. (Doc. No. 36, Pg.

37-47)

49.

In her amended Schedule A/B, Dr. Bibbs-Walker disclosed that she owned eight

accounts with six financial institutions:

- Checking account with "Delta", account number ending xxx0602
- Checking account with "Navy Federal", account number ending xxx9878
- Checking account with "5/3rd Bank", account number ending xxx2201
- Checking account with "Navy Federal", account number ending xxx2170
- Checking account with "Wells Fargo" account number ending xxx7314
- Checking account with "Chase Bank", no account number provided
- Checking account with "Bank of America", no account number provided
- Checking account with "Bank of American", no account number provided. (Dkt. No. 36, Pg. 15)

50.

At the October 8, 2020 Section 341 Meeting of Creditors, chapter 7 trustee James

G. Baker placed Dr. Bibbs-Walker under oath, after which she testified under the penalty

of perjury that she had reviewed and signed all documents filed on her behalf by her

attorney, and that those documents were accurate.

51.

After observing the prosecution of MKD, MKDC, and MKDF's cases, the United

States Trustee requested documentation and information from Dr. Bibbs-Walker

regarding Dr. Bibbs-Walker's, MKD's, MKDC's, and MKDF's financial history. In

furtherance of this inquiry, on May 20, 2021, the United States Trustee filed her Motion

for Order Authorizing Bankruptcy Rule 2004 Examination and Directing Production of

Documents. (Doc. No. 89) Within this motion, the United States Trustee requested from

Dr. Bibbs-Walker bank statements for 29 accounts held by either Dr. Bibbs-Walker,

14

MKD, MKDC, or MKDF, for the period October 1, 2019 through May 20, 2021, as well

as information regarding all deposits or withdrawals larger than $1,000.00.

52.

On May 24, 2021, the Court entered an Order, granting the United States Trustee's

Motion for a Rule 2004 Examination and Directing Production of Documents, requiring

Dr. Bibbs-Walker to provide the documentation requested by the United States Trustee.

(Doc. No. 91) (hereinafter the "Rule 2004 Order")

53.

The documentation provided by Dr. Bibbs-Walker in response to the Rule 2004

Order indicates that Dr. Bibbs-Walker received at least $535,157.08 from MKD, MKDC,

or MKDF during the period January 1, 2019 to December 31, 2019.

54.

The documentation provided by Dr. Bibbs-Walker in response to the Rule 2004

Order and the monthly operating reports filed by MKD, MKDC, and MKDF during the

pendency of each entity's bankruptcy case shows that Dr. Bibbs-Walker received at least

$203,600.00 from MKD, MKDC, or MKDF during the period January 1, 2020 through

August 21, 2020.

55.

The documentation provided by Dr. Bibbs-Walker in response to the Rule 2004

Order shows that Dr. Bibbs-Walker failed to disclose at least five accounts on her

amended Schedule A/B or amended statement of financial affairs that the United States

Trustee reasonably believes Dr. Bibbs-Walker owns or controls: (1) a SunTrust account,

15

reference number ending xxxx1710, (2) a SunTrust account, reference number ending

xxxx1900, (3) a Bank of America account, reference number ending xxxx2962, (4) a

Bank of America account, reference number ending xxxx7769, and (5) a Bank of

America account, reference number 1232.

**Count I --** Debtor, Within One Year Before The Date Of The Filing Of Her Petition, With
The Intent To Hinder, Delay, Or Defraud A Creditor, Has Transferred, Removed,
Destroyed, Mutilated Or Concealed, Or Has Permitted To Be Transferred, Removed,
Destroyed, Mutilated, Or Concealed, Property Of The Bankruptcy Estates Of My Kidz
Dentist, PC, My Kidz Dentist of Carrollton, LLC, and My Kidz Dentist of Fayetteville,
LLC, After The Date Those Entities Filed Their Bankruptcy Petitions

56.

The United States Trustee re-alleges and incorporates herein the allegations

contained in paragraphs 1 through 55.

57.

Title 11 U.S.C. § 727(a)(7) reads in pertinent part:

(a) the court shall grant the debtor a discharge unless –

…

(7) the debtor has committed any act specified in paragraph (2)…. of
this subsection, on or within one year before the date of the filing of
the petition, or during the case, in the connection with another case,
under this title or under the Bankruptcy Act, concerning an insider…

58.

Title 11 U.S.C. § 727(a)(2)(A) and (B) reads in pertinent part:

(a) The court shall grant the debtor a discharge, unless–

16

…

(2) the debtor, with the intent to hinder, delay, or defraud a creditor or an officer charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –

…

(A)    property of the debtor, within one year before the date of the filing of the petition; or

(B)    property of the estate, after the date of the filing of the petition . . .

59.

Based upon Debtor's failure to disclose SunTrust accounts owned by MKD, MKDC, and MKDF in each entity's Schedule A/B, the United States Trustee believes and alleges that the Debtor, within one year before the date of the filing of the petition initiating Case No. 20-11214-PMB, transferred, removed, or concealed property of MKD's, MKDC's, and MKDF's bankruptcy estates after the dates of the filing of MKD's, MKDC's and MKDF's bankruptcy petitions, knowingly and fraudulently, and with the intent to hinder, delay, or defraud a creditor and trustee James G. Baker.

60.

Further, based upon Debtor's false assertion that MKD's and MKDC's SunTrust accounts were closed on December 31, 2019, the United States Trustee believes and alleges that the Debtor, within one year before the date of the filing of the petition initiating Case No. 20-11214-PMB, transferred, removed, or concealed property of

MKD's, MKDC's, and MKDF's bankruptcy estates after the dates of the filing of

MKD's, MKDC's and MKDF's bankruptcy petitions, knowingly and fraudulently, and

with the intent to hinder, delay, or defraud a creditor and trustee James G. Baker.

61.

Further, based upon Debtor's failure to disclose the material transfers from

MKD's and MKDF's SunTrust accounts to Debtor's accounts, the United States Trustee

believes and alleges that the Debtor, within one year before the date of the filing of the

petition initiating Case No. 20-11214-PMB, transferred, removed, or concealed property

of MKD's, MKDC's, and MKDF's bankruptcy estates after the dates of the filing of

MKD's, MKDC's and MKDF's bankruptcy petitions, knowingly and fraudulently, and

with the intent to hinder, delay, or defraud a creditor and trustee James G. Baker.

**Count II-** Debtor, Within One Year Before The Date Of the Filing Of Her Petition, Concealed, Destroyed, Mutilated, Falsified, Or Failed To Keep Or Preserve Recorded Information, Including Books, Documents, Records, And Papers, From Which The Financial Condition Or Business Transactions Of My Kidz Dentist, PC, My Kidz Dentist of Carrollton, LLC, and My Kidz Dentist of Fayetteville, LLC Might Be Ascertained

62.

The United States Trustee re-alleges and incorporates herein the allegations

contained in paragraphs 1 through 61.

63.

Title 11 U.S.C. § 727(a)(7) reads in pertinent part:

(a) the court shall grant the debtor a discharge unless –

18

…

> (7) the debtor has committed any act specified in paragraph…(3)….
> of this subsection, on or within one year before the date of the filing
> of the petition, or during the case, in the connection with another
> case, under this title or under the Bankruptcy Act, concerning an
> insider…

64.

Title 11 U.S.C. § 727(a)(3) reads in pertinent part:

> (a) The court shall grant the debtor a discharge, unless–

…

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed
> to keep or preserve any recorded information, including books,
> documents, records, and papers, from which the debtor's financial
> condition or business transactions might be ascertained, unless such
> act or failure to act was justified under all of the circumstances of the
> case

65.

Based upon Debtor's failure to disclose the existence of certain MKD's, MKDC's
and MKDF's SunTrust accounts, and Debtor's failure to disclose the continued existence
of certain MKD's and MKDC's SunTrust accounts, the United States Trustee believes
and alleges that the Debtor, within one year before the date of the filing of the petition
initiating Case No. 20-11214-PMB, concealed, destroyed, mutilated, falsified, or failed to
keep or preserve recorded information, including books, documents, records and papers
from which a creditor or trustee James G. Baker might ascertain MKD's, MKDC's and
MKDF's financial condition or business transactions.

19

**Count III**- Debtor, Within One Year Before The Date Of the Filing Of Her Petition, Knowingly And Fraudulently Made A False Oath or Account, Or Withheld From An Officer Of The Estate Entitled To Possession Under The Title, Any Recorded Information, Including Books, Documents, Records, And Papers, Relating to My Kidz Dentist, PC's, My Kidz Dentist of Carrollton, LLC's, And My Kidz Dentist of Fayetteville, LLC's Property Or Financial Affairs

66.

The United States Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 through 65.

67.

Title 11 U.S.C. § 727(a)(7) reads in pertinent part:

(a) the court shall grant the debtor a discharge unless –

…

(7) the debtor has committed any act specified in paragraph…(4)…. of this subsection, on or within one year before the date of the filing of the petition, or during the case, in the connection with another case, under this title or under the Bankruptcy Act, concerning an insider…

68.

Title 11 U.S.C. § 727(a)(4) reads in pertinent part:

(a) The court shall grant the debtor a discharge, unless–

…

(4) the debtor knowingly and fraudulently, in or in connection with the case-

(A) made a false oath or account;

…

20

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

69.

The United States Trustee believes and alleges that the Debtor, knowingly and fraudulently, within one year before the date of the filing of the petition initiating Case No. 20-11214-PMB, made material false oaths and accounts in MKD's, MKDC's, and MKDF's statements of financial affairs and Schedules A/B including, but not limited to: (1) Debtor's failure to accurately disclose the funds transferred from MKD, MKDC, and MKDF to Dr. Bibbs-Walker during the period January 1, 2019 to December 13, 2019 on MKD's, MKDC's and MKDF's statements of financial affairs; and (2) Debtor's failure to disclose certain SunTrust accounts owned by MKD, MKDC, and MKDF on each entities' Schedule A/B.

70.

Further, the United States Trustee believes and alleges that the Debtor, knowingly and fraudulently, within one year before the date of the filing of the petition initiating Case No. 20-11214-PMB, made material false oaths and accounts in the Declaration signed and executed by the Debtor on behalf of MKD and MKDC, including, but not limited to, the Debtor's indication that certain MKD's and MKDC's SunTrust accounts had been closed.

71.

Further, the United States Trustee believes and alleges that the Debtor, knowingly

and fraudulently, within one year before the date of the filing of the petition initiating

Case No. 20-11214-PMB, made material false oaths and accounts in the Monthly

Operating Reports Debtor signed under the penalty of perjury on behalf of MKD,

MKDC, and MKDF, including, but not limited to, the Debtor's failure to disclose the

continued existence of certain SunTrust accounts owned by MKD and MKDC, and the

Debtor's failure to disclose the existence of certain SunTrust accounts owned by MKD,

MKDC, and MKDF.

72.

Further, the United States Trustee believes and alleges that the Debtor, knowingly

and fraudulently, within one year before the date of the filing of the petition initiating

Case No. 20-11214-PMB, made material false oaths and accounts at the January 14, 2020

Section 341 Meeting of Creditors for MKD, MKDC and MKDF, including, but not

limited to, her testimony under the penalty of perjury that the information contained in

MKD's, MKDC's and MKDF's respective statements of financial affairs and Schedules

A/B were true and correct.

73.

Further, the United States Trustee believes and alleges that the Debtor, knowingly

and fraudulently, within one year before the date of the filing of the petition initiating

Case No. 20-11214-PMB, withheld from an officer of an estate entitled to possession

under this title, recorded information, including books, documents, records, and papers,

22

relating to a debtor's property or financial affairs, including, but not limited to, the

Debtor's failure to provide information to trustee James G. Baker regarding MKD's,

MKDC's and MKDF's accounts with SunTrust, and the transactions made from those

accounts after his appointment as Chapter 11 Trustee.

**Count IV**- Debtor, With The Intent To Hinder, Delay, Or Defraud A Creditor, Has
Transferred, Removed, Destroyed, Mutilated Or Concealed, Or Has Permitted To Be
Transferred, Removed, Destroyed, Mutilated, Or Concealed, Property Of The Debtor And
The Bankruptcy Estate

74.

The United States Trustee re-alleges and incorporates herein the allegations

contained in paragraphs 1 through 73.

75.

Title 11 U.S.C. § 727(a)(2)(A) and (B) reads in pertinent part:

(b) The court shall grant the debtor a discharge, unless–

…

(2) the debtor, with the intent to hinder, delay, or defraud a creditor or
an officer charged with custody of property under this title, has
transferred, removed, destroyed, mutilated or concealed, or has
permitted to be transferred, removed, destroyed, mutilated, or
concealed –

…

(A) property of the debtor, within one year before the date of
the filing of the petition; or
(B) property of the estate, after the date of the filing of the
petition . . .

23

76.

Based upon Debtor's failure to disclose five accounts that she owns or controls on her Amended Schedule A/B or Amended Statement of Financial Affairs, the United States Trustee believes and alleges that the Debtor, within one year before the date of the filing of the petition initiating Case No. 20-11214-PMB and after the date of the filing of the petition, transferred, removed, or concealed property of the estate, knowingly and fraudulently, and with the intent to hinder, delay, or defraud a creditor and trustee James G. Baker.

**Count V**- The Debtor Knowingly And Fraudulently, In Or In Connection With The Case, Made A False Oath Or Account

77.

The United States Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 through 76.

78.

Title 11 U.S.C. § 727(a)(4)(A) reads in pertinent part:

(a) The court shall grant the debtor a discharge, unless–

. . .

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account . . .

79.

The United States Trustee believes and alleges that the Debtor, knowingly and

fraudulently, made material false oaths and accounts in her amended statement of

financial affairs and amended schedule A/B in Case No. 20-11214-PMB, including, but

not limited to: (1) Debtor's failure to disclose that she received at least $535,157.06 in

total receipts from MKD, MKDC, and MKDF during the period January 1, 2019 to

December 31, 2019, not $112,000.00 she disclosed as wages on her amended statement

of financial affairs; (2) Debtor's failure to disclose that she received at least $203,600.00

from MKD, MKDC, and MKDF, during the period January 1, 2020 to August 31, 2020,

not $81,000.00 she disclosed as wages on her amended statement of financial affairs; and

(3) the Debtor's failure to disclose (A) a SunTrust account, reference number ending

xxxx1710, (B) a SunTrust account, reference number ending xxxx 1900, (C) a Bank of

America account, reference number ending xxxx2962, (D) a Bank of America account,

reference number ending xxxx7769, and (E) a Bank of America account, reference

number 1232 on Debtor's amended schedule A/B.

80.

Further, the United States Trustee believes and alleges that the Debtor, knowingly

and fraudulently, made material false oaths and accounts in her testimony during the

October 8, 2020 Section 341 Meeting of Creditors in Case No. 20-11214-PMB, including

but not limited to, Debtor's testimony that her amended statement of financial affairs and

25

amended Schedule A/B were accurate, and Debtor's testimony that she disclosed all of her assets.

WHEREFORE, the United States Trustee respectfully asks the Court for the following relief:

1. for an order and judgment denying debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(7) and 727(a)(2);

2. for an order and judgment denying debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(7) and 727(a)(3);

3. for an order and judgement denying debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(7) and 727(a)(4)

4. for an order and judgment denying debtor's discharge pursuant to 11 U.S.C. § 727(a)(2);

5. for an order and judgment denying debtor's discharge pursuant to 11 U.S.C. § 727(a)(4);

6. for such other relief as is just and proper.

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

_s/ Jonathan S. Adams_
Jonathan S. Adams
Trial Attorney
Georgia Bar No. 979073

**United States Department of Justice**
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia, 30303
404-331-4438
Jonathan.S.Adams@usdoj.gov